UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV 13-06126-VBF-AN | Dated: | May 7, 2014 |

Title:   ***Donald Tinsley, Petitioner v. Elvin Valenzuela, Respondent***

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

N/A
Courtroom Deputy

N/A
Court Reporter

ATTORNEYS PRESENT FOR APPELLANT

N/A

ATTORNEYS PRESENT FOR APPELLEES

N/A

**PROCEEDINGS (IN CHAMBERS):   ORDER**   
(1) Overruling the Petitioner's Objections;
(2) Adopting the R&R as Supplemented;
(3) Dismissing the Habeas Petition with Prejudice as Untimely;
(4) Denying a Certificate of Appealability

Proceeding *pro se*, California state prisoner Donald Tinsley ("petitioner") brought this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that the petition be dismissed as untimely, and petitioner filed objections. For reasons that follow, the Court will overrule petitioner's objections, adopt the R&R as supplemented, dismiss the habeas petition with prejudice as untimely, and deny a certificate of appealability ("COA"). The Court will enter final judgment in favor of respondent and against petitioner by separate document.

In 1995 a San Joaquin County Superior Court jury found petitioner guilty of first-degree murder, second-degree robbery, assault with a deadly weapon, and two counts of kidnapping, and that court sentenced him to a term of 68 years to life in state prison. On direct appeal, the California Court of Appeal issued an unpublished

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk ___jmb___

decision affirming the convictions and sentence, *see People v. Tinsley*, No. C022618 (Cal. App. 3d Dist. Aug. 27, 1997), and the California Supreme Court issued a summary silent denial of petitioner's ensuing petition for review, No. S064802 (Cal. Dec. 10, 1997). Petitioner filed original habeas petitions at all three levels of the state courts – Superior Court (filed June 5, 2013 and denied July 24, 2013), the California Court of Appeal (filed February 22, 2011 and denied February 24, 2011), and the California Supreme Court (filed May 12, 2011 and denied October 12, 2011). Given the Report's correct determination that the instant federal habeas petition is untimely, the nature of petitioner's claims and arguments in this petition (*see* R&R at 4-5) are immaterial.

### WHEN DID PETITIONER'S FEDERAL HABEAS CLAIM ACCRUE?

As the Magistrate notes, AEDPA provides that the one-year limitations period on a federal habeas claim starts running the day after the conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[]", 28 U.S.C. § 2244(d)(1), unless the petitioner shows that there was some impediment to his timely filing which the government created in violation of the U.S. Constitution or other lesser federal laws (statutes), § 2244(d)(1)(B); or his claim is based on some constitutional right which the U.S. Supreme Court newly recognized and which has been made retroactively applicable to cases on collateral review, § 2244(d)©; or the factual predicate of the claim or claims could not have been discovered through the exercise of due diligence any earlier, § 2244(d)(1)(D). Petitioner has not purported to show that he is entitled to a later claim-accrual date under § 2244(d)(1)(B) (external impediment created by the government).

**Attempting to show that he is entitled to a later accrual date under 28 U.S.C. § 2244(d)(1)©, Petitioner does contend that his claim did not accrue until the U.S. Supreme Court issued *Martinez v. Ryan*, 566 U.S. 1, –, 132 S. Ct. 1309, 1320 (2012) ("*Martinez*").** In *Martinez*, the Supreme Court held that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk   jmb

The Supreme Court's issuance of *Martinez* will entitle petitioner to a later claim-accrual date only if *Martinez* "newly recognized" a federal constitutional right *and Martinez* has been "made retroactively applicable to cases on collateral review", 28 U.S.C. § 2244(d)(1)©.

**The Court must correct an error in the Report's interpretation of § 2244(d)(1)©.** The Report asserts, without citation of authority, that "§ 2244(d)(1)© applies only when the Supreme Court has made a new constitutional right retroactive to cases on collateral review, . . . ." R&R at 6-7. The Court respectfully disagrees and concludes that § 2244(d)(1)© allows lower federal courts, not just the U.S. Supreme Court, to determine whether a new constitutional holding should be applied retroactively to cases pending on collateral review.

**Elsewhere in AEDPA, a petitioner is entitled to rely on a rule of law which the Supreme Court announced after his conviction became final, only when *the Supreme Court itself* has expressly made that rule retroactive.** In *Tyler v. Cain*, 533 U.S. 656 (2001), the Court considered whether a new rule announced in was "made retroactive to cases on collateral review by the Supreme Court" as required by § 2244(b)(2)(A), a provision dealing with leave to file a second or successive petition. A four-Justice plurality held as follows:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. * * * [I]f the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).
>
> It is the latter exception that concerns us today. Specifically, § 2244(b)(2)(A) covers claims that "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> This provision establishes three prerequisites to obtaining relief in a second or successive petition: First, the rule on which the claim relies must be a "new rule" of constitutional law; second, the rule must have been "made retroactive to cases on collateral review by the Supreme Court"; and third, the claim must have been "previously unavailable." In this case, the parties ask us to interpret only the second requirement . . . .
>
> Based on the plain meaning of the text read as a whole, we conclude that "made" means "held" and, thus, the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review.

*Tyler v. Cain*, 533 U.S. 656, 662, 121 S. Ct. 2478 (2001) (Scalia, J., joined by three JJ.) (¶ breaks added).[1]

**Our provision is not § 2244(b)(2)(A), because the instant petition is not successive.** *Cf. Williams v. Kyler*, 2002 WL 31662297, *3 (E.D. Pa. Nov. 19, 2002) ("*Tyler* is not directly applicable to Williams, however, because this is his first petition. [I]t is not clear whether the holding in *Tyler* is applicable to the statute of limitations provision in AEDPA."). Unlike the provision in *Tyler*, § 2244(d)(1)© refers to a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A well-established canon of construction holds that when Congress included a phrase in one section of a statute but omitted it from another section of that same statute, it knew what it was doing and meant that distinction to make a difference. *See Jama v. ICE*, 543 U.S. 335, 341, 125 S. Ct. 694, 700 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest."). **That is, when Congress wanted to restrict the retroactivity determination to the Supreme Court, it did so explicitly, as in the successive-petition provision.** As a sister court explained,

> With respect to second or successive petitions, Congress explicitly reserved for the Supreme Court the power to make a rule retroactively applicable . . . . No such explicit reservation is found in the provision governing initial petitions. The Court assumes that the decision of Congress to use different language . . . was deliberate, and that, had Congress intended to allow only the Supreme Court to announce new rules of constitutional law retroactively applicable on initial petitions, it would have used the same clear language it used with respect to second or successive petitions.

---

[1] Justice O'Connor concurred,, writing separately only to "explain more fully the circumstances under which a new rule is 'made retroactive to cases on collateral review by the Supreme Court.'" *Id.*, 533 U.S. at 668, 121 S. Ct. at 2485. Thus, a majority agreed that § 2244(b)(2)(A) permits only the Supreme Court to determine retroactivity on an application for leave to file a successive petition.

MINUTES FORM 90                                          Initials of Deputy Clerk ___jmb____
CIVIL - GEN

*Gaines v. Matesanz*, 272 F. Supp.2d 121, 130 (D. Mass. 2003). **Numerous circuit courts have interpreted the limitations provision of § 2255, governing *federal*-prisoner habeas petitions, by applying this same canon of construction.** That provision, like our alternative-accrual-date provision for *state*-prisoner petitions, does not contain the qualifier "by the Supreme Court" after the phrase "made retroactively applicable." Those courts hold that any federal court may determine the retroactivity of a Supreme Court decision for purposes of the § 2255 limitations period. *See US v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003); *US v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001); *Ashley v. US*, 266 F.3d 671, 674 (7th Cir. 2001); *Dodd v. US*, 365 F.3d 1373, 1378 (11th Cir. 2004).

Joining that consensus, the Court finds that by failing to include "by the Supreme Court" in § 2244(d)(1)©, Congress intended to authorize *all* federal courts to determine whether a new constitutional rule announced by the Supreme Court applies retroactively. **Thus, the Court rejects the following sentence, which begins at page 6 line 27 and concludes on page 7 line 3 (emphasis added):** "However, § 2244(d)(1)© applies only when *the Supreme Court* has made a new constitutional right retroactive to cases on collateral review, *see, e.g., Dodd v. US*, 545 U.S. 353, 358-60 . . . , and neither *Martinez* nor *Apprendi* announced such a right." *See, e.g., Simpson v. Evans*, 525 F. App'x 535, 537 (9th Cir. 2013) (noting Ninth Circuit's own previous holding that a particular Supreme Court decision did not apply retroactively).

**After this point the Court agrees with the R&R.** Under Ninth Circuit precedent, this Court is bound to hold that *Martinez v. Ryan*, 561 U.S. 1, 1 132 S. Ct. 1309 (2012) does not meet the standard for a retroactively-

applicable "new[2] rule of constitutional law." The Court reaches this conclusion without reference to the retroactivity standard set forth in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).[3] [4]

This is because the Supreme Court in *Martinez* held only that, as an equitable matter, the lack of effective post-conviction counsel may sometimes constitute "cause" excusing a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *See* R&R at 7 (citing *Martinez*, 132 S. Ct. at 1318-20). As the Magistrate also notes, *Martinez* expressly left open whether there is a constitutional right to effective assistance of counsel in state post-conviction proceedings when those proceedings provide the first opportunity to raise a claim of ineffective assistance of trial counsel. *See* R&R at 7 (quoting *Martinez*, 132 S. Ct. at 1315 ("This is not the case . . . to resolve whether that exception exists as a constitutional matter.")); *see also Trevino v. Thaler*, – U.S. –, 133 S. Ct. 1911, 1912 (2013) ("In *Martinez* . . . , this court held that 'a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the State's initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'").

**Relying on the Supreme Court's statement in *Martinez* that it was not deciding a federal constitutional issue, the Ninth Circuit held in a published decision that (1) *Martinez* did not announce a new rule of constitutional law at all** and (2) therefore, as a matter of law *Martinez* could not have announced a new rule of constitutional law of the type which should apply retroactively to cases on collateral review. *See Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir.) (citing, *inter alia*, *Buenrostro*, 697 F.3d at 1139-40), *cert. denied*, – U.S. –, 134 S. Ct. 503 (2013), *cited by* R&R at 8; *see, e.g., Bacon v. Skolinik*, 2014 WL 1295046, *2 n.1 (D.

---

2

A rule may be "new" either because the decision relied upon by the habeas petitioner itself announced a new rule after his conviction became final, or because the habeas petitioner seeks to apply a prior decision's "old rule" to a novel setting, such that relief would create a new rule by the extension of the precedent. *See Stringer v. Black*, 503 U.S. 222, 228, 112 S. Ct. 1130 (1992).

3

"'Although *Teague* was a plurality opinion that drew support from only four [m]embers of the Court, the *Teague* rule was affirmed and applied by a majority of the court shortly thereafter.'" *Lovins v. Parker*, 712 F.3d 283, 289 (6th Cir. 2013) (quoting *Danforth v. Minnesota*, 552 U.S. 264, 266 n.1, 128 S. Ct. 1029 (2008)).

4

*See, e.g., Daly v. Chavez*, 2013 WL 5951932, *15 (C.D. Cal. Nov. 5, 2013) (applying *Teague v. Lane* standard to determine whether a Supreme Court holding should apply retroactively).

MINUTES FORM 90                                                                              Initials of Deputy Clerk ___jmb___
CIVIL - GEN

Nev. Mar. 31, 2014) ("The Ninth Circuit held in *Buonrostro* that *Martinez* did not establish a new rule of constitutional law and thus did not provide a basis for hearing a successive § 2255 motion under § 2255(h)(2), which correlates closely to the corresponding rule in § 22544(b)(2)(A) for a § 2254 petition."); *Marshall v. Ryan*, 2014 WL 710954, *5 (D. Ariz. Feb. 25, 2014).  As one court put it recently, "*Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings[5], it did not make any constitutional right retroactively applicable to cases on collateral review, and it did not address AEDPA's statute of limitations." *Page v. Pierce*, 2014 WL 1652657, *2 (D. Del. Apr. 24, 2014) (citing *Martinez*, 132 S. Ct. at 1319).[6]

**Next, the Magistrate is also right to conclude that *Apprendi v. New Jersey* does not apply retroactively,** because our Circuit has so held in a published opinion.  *See* R&R at 9 (citations omitted); *see also*

---

[5] The Court agrees with the characterization of *Martinez* in *Sanchez v. Hertel*, 2014 WL 1491178 (M.D. Ala. Apr. 15, 2014).  *Martinez* is properly seen as "narrowly modifying the holding in *Coleman*, 501 U.S. 722,

> by explaining that while a petitioner still has no independent constitutional right to postconviction counsel, any equitable cause[-]and[-]prejudice allegations concerning the inadequacies of postconviction counsel can be asserted *only* to overcome the procedural default of an ineffective assistance of trial counsel claim when the default occurred at the Rule 32 court level, and noting that the holding did not apply to errors made by postconviction counsel in any other postconviction proceedings, e.g., postconviction appellate proceedings, or any issue other than failure to raise an ineffective assistance of trial counsel claim.

*Id.* at *3.  *Accord Tucker v. Ryan*, 2014 WL 1329293, *5 (D. Ariz. Apr. 1, 2014) ("'*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time-barred under the AEDPA.'") (quoting *McKinnie v. Long*, 2013 WL 1890618, *7-*8 (C.D. Cal. Apr. 5, 2013), *R&R adopted*, 2013 WL 1890359 (C.D. Cal. May 6, 2013) (Fairbank, J.)).

[6] *Accord Pagan-San Miguel v. US*, 736 F.3d 44, 45-46 (**1st Cir.** 2013) ("We join the circuits that have considered the question in holding that *Martinez* did not announce a new rule of constitutional law."), *cited by US v. Norwood*, – F. App'x –, 2014 WL 889615, *4 (**10th Cir.** 2014); **4th Circuit**, *Penley v. Thornton*, 2014 WL 461159, *2 (W.D.N.C. Feb. 5, 2014); *In re Sepulvado*, 707 F.3d 550, 554 (**5th Cir.**), *cert. denied*, – U.S. –, 134 S. Ct. 420 (2013); *Hodges v. Colson*, 727 F.3d 517, 531 (**6th Cir.** 2013); *Reyes v. Hobbs*, 2014 WL 1092451, *4 (W.D. Ark. Mar. 20, **2014**); *Stevenson v. Wallace*, 2014 WL 307085, *5 (E.D. Mo. Jan. 28, 2014);  *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014).

MINUTES FORM 90                                                                Initials of Deputy Clerk    jmb
CIVIL - GEN

*US v. Sykes*, 658 F.3d 1140, 1147 (9th Cir. 2011) ("*Apprendi*, however, does not apply retroactively.") (citation & note omitted); *US v. Hogan*, 2012 WL 1901197, *1 (D. Nev. May 24, 2012) ("It is well settled that *Apprendi* and its progeny do not apply retroactively to cases on collateral review that, like Defendant's, were final before the *Apprendi* decision was announced.") (citing, *inter alia*, *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004), and *Cooper-Smith*, 397 F.3d at 1246), *aff'd*, 516 F. App'x 640 (9th Cir. 2013). As the Magistrate concludes (R&R at 10), this forecloses petitioner's argument that the issuance of *Apprendi* marked the accrual of his *Apprendi*-based claim (i.e., that it started a new AEDPA limitations period).

### *Martinez v. Ryan* Does Not Constitute a New Factual Predicate per § 2254(d)(1)(D)

The foregoing analysis has explained why *Martinez* does not entitle petitioner to a later accrual date for his federal habeas claims based on a new *legal* predicate pursuant to § 2254(d)(1)©. The Court would also note that the Supreme Court's issuance of *Martinez* does not a new *factual* predicate so as to warrant a later accrual date for petitioner's federal habeas claims pursuant to § 2254(d)(1)(D). *See Rogers v. Walsh*, 2014 WL 1426232, *3 (E.D. Pa. Apr. 14, 2014) ("Nor is the decision [*Martinez*] a 'factual predicate' under . . . § 2254(d)(1)(D).") (citing, *inter alia*, *E.J.R.E. v. US*, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (holding that a federal court of appeals decision is not a 'qualifying fact' under the identical provision in § 2255). *Accord Tellado v. US*, 799 F. Supp.2d 156, 164 (D. Conn. 2011) ("[E]very circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create factual predicate for a habeas claim.") (citing, *inter alia*, *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007), *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) and *Barreto-Barreto v. US*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) ("a new legal theory does not constitute a discoverable fact for purposes of 28 U.S.C. § 2255(d)(4).")).

**For these reason, the Magistrate is right that petitioner's claims, including claims based on *Martinez* or *Apprendi*, accrued when his conviction became final upon the completion of his direct appeal per § 2244(d)(1)(A), not later when the Supreme court issued those decisions.** The Court of Appeal issued its affirmance on direct appeal in August 1997 and the California Supreme Court summarily denied review on December 10, 1997. Statute and Supreme Court rule gave petitioner ninety days to petition the U.S. Supreme

Court for certiorari thereafter, i.e., through March 9, 1998. *See Zepeda v. US*, 2013 WL 599869 (C.D. Cal. Feb. 15, 2013) (citing, *inter alia*, S. Cᴛ. R. 13.1 and 28 U.S.C. § 2101©. Thus, the AEDPA limitations period started running on about March 10, 1998. Absent tolling, the limitations period would have expired on March 9, 1999.

### PETITIONER IS NOT ENTITLED TO ANY STATUTORY OR EQUITABLE TOLLING.

Title 28 U.S.C. § 2244(d)(2) tolls the AEDPA limitations period during the pendency of any "properly filed application for State post-conviction or other collateral review", but such tolling does not apply between the date the conviction becomes final and the date the prisoner files his first state-court habeas petition. *See* R&R at 11-12 (citing *Harris*, 515 F.3d at 1053 n.3); *see also Porter*, 620 F.3d at 958. Petitioner did not file his first state habeas petition until 2011, more than eleven years after the AEDPA period expired in March 1999. Thus, the filing of that petition could not resurrect and toll a limitations period which had already expired. *See* R&R at 12 (cites omitted); *see also Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

**Therefore, the Magistrate is right that the petitioner is not entitled to statutory tolling** (R&R at 13), and petitioner must show that he is entitled to equitable tolling from the conclusion of his direct appeal in March 1998 through the filing of the instant petition in 2013) in order to render his petition timely under AEDPA. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) ("'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"); *Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012) ("'With respect to the necessary diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available.'") (citation omitted), *cert. denied*, – U.S. –, 133 S. Ct. 1465 (2013).

**Next, the Magistrate rightly rejects petitioner's first two asserted bases for equitable tolling** – lack of legal sophistication and education, and limited access to the prison law library and to updated legal materials – because the Ninth Circuit has held that none of those circumstances can constitute the requisite external impediment to a federal habeas petition's timely filing. *See* R&R at 14-15 (citations omitted). The Magistrate is also right (R&R at 16) to reject petitioner's third asserted basis for equitable tolling – the fact that he was only recently able to discover case law supporting his claims – because petitioner has not identified and the Court has not located any case law holding that new case law may constitute an extraordinary circumstance for this purpose.

**Finally, the Magistrate properly recognizes that a claim of actual innocence, properly substantiated, can sometimes require a federal habeas court to adjudicate a habeas claim on its merits despite the claim's untimeliness under AEDPA.** *See* R&R at 16 n.7 (citing *McQuiggin*, 133 S. Ct. at 1928), but that petitioner has not shown actual innocence here. To show actual innocence, petitioner was obligated to identify "new reliable evidence", such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial" and then demonstrate that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See* R&R at 16 n.7 (quoting *Lee*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 324 and 327)); *see, e.g., Cain v. Oregon*, 546 F. App'x 641 (9th Cir. Nov. 5, 2013) (victim's unequivocal recantation was sufficient for petitioner to show the actual innocence necessary to excuse the untimeliness of his habeas petition).

Petitioner has not purported to identify such evidence, let alone make the follow-on showing that no reasonable jury would have convicted him if it had been presented with said evidence. *Cf. Stewart v. Cate*, 734 F.3d 995, 1003-1006 (9th Cir. 2013) (district court did not abuse discretion in determining that petitioner had not established that he was actually innocent of attempted murder so as to permit review of his otherwise time-barred federal habeas claim); *Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014). For these reasons, the Magistrate is right to recommend that Tinsley's habeas petition be dismissed with prejudice as untimely.

PETITIONER'S OBJECTIONS LACK MERIT.

Petitioner's objections fail to identify any defect of law, fact, or logic in the Magistrate Judge's R&R. Petitioner opens his objections by emphasizing precedent holding that *pro se* petitioners are held to less stringent standards than lawyers (Doc at 1-2), which does not undermine the points made by the Magistrate.

**Petitioner seems to seek dismissal *without* prejudice**, citing authority that "[a] petition should not be dismissed without leave to amend unless it does not appear that a tenable claim could be pleaded if leave [to amend] were granted." Doc at 2 (citing *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971)). But petitioner neglects to mention precedent standing for the converse proposition, that "'[d]ismissal without leave to amend is proper if it is clear that the [petition] could not be saved by amendment[.]'" *Harris v. US*, 2013 WL 8291426, *7 (C.D. Cal. Dec. 18, 2013) (Fairbank, J.) (quoting *Zixiang Li v. Kerry*, 710 F.3d 995 (9th Cir. 2013)).

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk ___jmb___

**Here, "[n]othing Petitioner can do or say can cure the fact that the Petition is untimely"**, *Lavadenz v. Davis*, 2012 WL 3626820, *2 (C.D. Cal. May 15, 2012) ("Petitioner's request that the dismissal be without prejudice is denied. Nothing Petitioner can do or say can cure the fact that the Petition is untimely."), *R&R adopted*, 2012 WL 3621257 (C.D. Cal. Aug. 21, 2012), so dismissal must be with prejudice, i.e., without leave to amend. *See also Miranda v. California*, 2012 WL 5373416, *1 (C.D. Cal. Sept. 12, 2012) ("While this deficiency was capable of being cured by amendment, the same could not be said of the other deficiency, namely that the [§ 2254] petition appeared to be time-barred. The Court now recommends that the Petition . . . be dismissed with prejudice."), *R&R adopted*, 2012 WL 5373411 (C.D. Cal. Oct. 31, 2012); *Bustamonte v. Adams*, 2009 WL 2390610 (E.D. Cal. Aug. 3, 2009) (although lack of exhaustion would ordinarily call for dismissal without prejudice, the fact that § 2254 petition was also time-barred called for dismissal *with* prejudice). *Cf. Hall v. Superior Court*, 2013 WL 8291527, *3 (C.D. Cal. Nov. 22, 2013) ("[I]f the petition were time-barred, the petitioner could never un-do that fact, so dismissal would be with prejudice.").

**Petitioner's next objection reads as follows, in its entirety:**

> Petitioner had neglected to mention the [state-court] habeas petition filed in 2011, but finds it fails to rise to the level of successive due to it being an attempt to gain his court transcripts, not any claims directed at his conviction, nor his sentence, just an attempt to gain his trial transcripts. This might be the reason the Magistrate stated, "it is unclear whether these prior petitions involv[e] the same conviction and claims at issue here."
>
> How can it be recommended to be dismissed with prejudice due to it being a successive petition, if there is no proof of successive [sic]? Petitioner's claims within this instant petition is the first time he has brought these issues before this Honorable Court. Therefore, petitioner should be granted an opportunity to have his claims weighed without a procedural bar keeping Petitioner from finding [a] remedy.

Doc at 2 (¶ break added). This objection is misplaced, because the Report recommends dismissal on the ground of untimeliness, not on the ground that it is a second or successive petition filed without leave from the Circuit.

**Petitioner's final objection unsuccessfully tries to challenge the Magistrate's equitable tolling analysis.** Petitioner concedes that he is not entitled to any statutory tolling of the AEDPA limitations period,

*see* Doc at 5, but contends that the combination of his lack of education, lack of legal training, incarceration, indigency and inability to afford counsel, and the limited materials in the prison library, entitles him to equitable tolling, *see* Doc at 2-3. Petitioner presents no authority, even persuasive authority, to support the proposition that any of those problems or limitations, either singly or in combination, can constitute the requisite extraordinary circumstance to justify equitable tolling. Less still does petitioner present any authority suggesting that the confluence of the cited circumstances could justify more than a decade of equitable tolling, as would be needed to render his petition timely under AEDPA. In the same objection, petitioner appears to make some kind of Ex Post Facto argument, but none of that shows why the Magistrate was wrong to find his petition time-barred.

### PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or from a district judge's final order in a § 2254 proceeding,[7][8] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases.[9] The court must consider each claim separately, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001). In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only

---

[7]

*See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[8]

"There is an exception not applicable here: 'a COA is not required to appeal an order denying a motion for federally appointed counsel.'" *Fisher v. Barrios*, 2014 WL 1512186, *4 n.8 (C.D. Cal. Apr. 15, 2014) (Fairbank, J.) (quoting *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009)).

[9]

"The Court of Appeals may also grant a COA on claims for which the district court expressly refused to grant a COA." *Martinez v. Lewis*, 2013 WL 8291414, *15 n.9 (C.D. Cal. Dec. 13, 2013) (Fairbank, J.) (citing *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013), *pet. for cert. filed o.g.* (U.S. Feb. 12, 2014) (No. 13-8821)).

if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor', *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2012) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here.'" *Cornish v. Brazleton*, 2014 WL 1457768, *2 (C.D. Cal. Apr. 15, 2014) (Fairbank, J.). Reasonable jurists would not debate that *Martinez* did not announce a new rule of constitutional law and consequently does not trigger a new accrual date for petitioner's claims. Nor would reasonable jurists find it debateable that the petition is untimely and therefore subject to dismissal *with* prejudice. The petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983). The Court, therefore, will deny a certificate of appealability.[10]

ORDER

Petitioner's objection **[Doc # 12] is OVERRULED**.

The Court **ADOPTS** the Report and Recommendation **[Doc # 11] as supplemented**.

The habeas corpus petition **[Doc # 1] is DISMISSED *with* prejudice** as untimely.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[11]

As required by Fed. R. Civ. P. 58(a)(1), the Court will issue final judgment as a separate document.

IT IS SO ORDERED.

---

[10] Although a litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), "the denial of a COA is not in itself appealable" to the Court of Appeals. *See Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g. recognized by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005)).

[11] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may ask the circuit).